## Appeal of Benjamin F. Mann, Admr., etc.

A will that "after the payment of all my just debts and funeral expenses my real and personal estate be disposed of as follows: It is my will that my real estate situate in the borough of B., subject to the payments hereinafter directed, be divided as follows" (naming the devisees), followed by pecuniary legacies to the amount of $1,600 and a gift of "all the remainder of my personal property," does not, as a whole, charge the realty in such a manner as to exempt the personalty from the payment of the debts, funeral expenses, and legacies.

(Argued May 7, 1888.   Decided May 21, 1888.)

July Term, 1887, No. 67, E. D., before GORDON, Ch. J., PAXSON, GREEN, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Bedford County distributing the personal estate of a decedent. Affirmed.

William Findlay Mann died December 12, 1883, without issue and unmarried. He made his will on August 28, 1876. He was then the owner of some real estate in the town of Bedford, but was possessed of very little personal property, not more than enough to pay his debts, funeral expenses, and tombstones, after deducting therefrom the specific articles of personal property bequeathed in his will. His bank book showed that he then had only $54.24 in bank. His will was proved April 13, 1885, and was in these words:

"I, William Findlay Mann, of the borough and county of Bedford, state of Pennsylvania, do make and publish this my last will and testament.

"It is my will that after the payment of all my just debts and funeral expenses that my real and personal estate be disposed of as follows:

"It is my will that my real estate, situate in the borough of Bedford, subject of (to) the payments hereinafter directed, be divided as follows: One half to my sister, Sarah E. Reamer,

one fourth to my brother, David F. Mann, one fourth to my sister, Elmira M. Daugherty, their heirs or assigns."

(Then followed pecuniary legacies amounting to $1,600 and a few specific legacies.)

"I give to my brother, David F. Mann, all the remainder of my personal property.

"I appoint W. W. Barclay and David F. Mann to be executors of this my last will and testament.

"In testimony whereof," etc.

William W. Barclay, one of the executors named, declined to act, and David F. Mann, the other executor, proved the will and began the settlement of the estate, but died November 21, 1885.

On November 25, 1885, Alex. King was appointed administrator *c. t. a.*

After the making of said will, about 1881, William Findlay Mann obtained from $3,000 to $4,000 from the estate of Ruth E. Mann, his aunt, by virtue of a bequest contained in a codicil to her will, dated February 12, 1878; $2,000 of this money was in bank at the time of his death, and forms the single item of charge in the administrator's account.

The administrator, having in his hands a balance of $1,905.15 in the account, presented his petition, setting forth: "That the decedent had bequeathed legacies to the amount of $1,600; that it was contended by the heirs of David F. Mann, deceased, that these legacies were charged upon and payable out of the real estate, and on the part of the devisees of said real estate they were payable out of the personal estate of said deceased," etc., and prayed the court to appoint an auditor to settle said question and make distribution according to law, which the court did.

The auditor held that the will charged the legacies, amounting to $1,600, upon the real estate, and pointed it out and made it the fund for their payment, and distributed the personal estate to the heirs of David F. Mann, deceased, the residuary legatee. The court below, however, held that although the legacies were charged on the land, as found by the auditor, yet they must be paid out of the personal estate, and directed the auditor to reform his report in accordance with that opinion. The auditor complied with this direction, and his report was confirmed.

This was assigned as error.

*Russell & Longenecker,* for appellant.—Knowing that the personal estate must be nearly, if not entirely, exhausted by the debts and funeral expenses, the testator referred the pecuniary legacies,—the only payments "thereinafter directed,"—to the real estate alone for payment, and devised it subject thereto.

He follows the pecuniary legacies and bequests of specific articles of personal property with a residuary bequest, meaning all the remainder of the personal property after the articles named (and of course after payment of debts and funeral expenses, which had been previously provided for), but not all after paying legacies. If this court believes that such was his purpose, that intent must be carried into execution. Davis's Appeal, 83 Pa. 353.

It is enough if the intention appears by natural and obvious implication from the provisions of the will. No form of words is necessary to produce the effect, and where the intent is manifest, courts are bound to carry it into execution. Ripple v. Ripple, 1 Rawle, 386; Gilbert's Appeal, 85 Pa. 350; Clery's Appeal, 35 Pa. 54.

Stronger or more apt words could not have been used to fix the burden of paying the legacies exclusively upon the land and the devisees thereof. Holliday v. Summerville, 3 Penr. & W. 533; Wertz's Appeal, 69 Pa. 176; Newman's Appeal, 35 Pa. 339.

In Larkin v. Mann, 53 Barb. 267, the devise was "subject to the payment of said legacies," etc., and the court said: "It is very clear that the personal estate did not constitute the primary fund to satisfy the legacy in question."

*Alexander King,* for appellees.—A testamentary charge upon land can only be created by direct expression or plain implication. The declaration must be so plain or the manifestation so clear as to leave no doubt upon the mind; the inference must be so strong that no doubt remains. Montgomery v. M'Elroy, 3 Watts & S. 370, 38 Am. Dec. 771; Hackadorn's Appeal, 11 Pa. 86.

A mere direction to devisee to pay is not sufficient. Hamilton v. Porter, 63 Pa. 332; Penny's Appeal, 109 Pa. 323.

Here there is nothing to show that such was the intention of the testator; he simply says, "subject of the payments hereinafter directed." It does not even create a personal liability

on part of devisee by accepting the devise. Haworth's Appeal, 105 Pa. 362; Cable's Appeal, 91 Pa. 329.

It is not the policy of the law to encourage charges on lands. It trammels and embarrasses vendors, vendees, and creditors and makes alienation difficult. The devisees are given the benefit of the least doubt.

The personal estate is the primary fund for payment of debts and legacies. It must be so applied unless there is express direction or clear intention otherwise. There must not only be a charge upon the real estate, but there must appear a plain intent to exonerate the personal. 1 Roper, Legacies, 695; Breden v. Gilliland, 67 Pa. 34; Eavenson's Appeal, 84 Pa. 172.

The residuary legatee is appointed the executor. This is another circumstance to show nonexemption of the personal estate. It has always been so held, and that the legatee takes the personal estate subject to the charges devolving upon him in the character of executor. 3 Jarman, Wills, p. 504.

Wills are to be construed as if made just prior to the decedent's death. Act of June 4, 1879 (Purdon's Digest, 1713).

The condition of testator's estate at the time of making the will is not admissible in construing it. Haddock's Estate, 43 Phila. Leg. Int. 184.

Per Curiam.

The learned judge of the court below held that in looking at the will of William Findlay Mann, as a whole, it did not appear that it was intended to charge the realty in such a manner as to exempt the personalty from payment of the debts of the testator, funeral expenses, and legacies. In this construction of that will we concur.

Decree affirmed, at costs of appellant.